In the

 United States Court of Appeals
 For the Seventh Circuit
 ____________________
No. 22-2122
REBECCA WIRTH,
 Plaintiff-Appellant,
 v.

RLJ DENTAL, S.C.,
 Defendant-Appellee.
 ____________________

 Appeal from the United States District Court for the
 Eastern District of Wisconsin.
 No. 18-cv-910 — William C. Griesbach, Judge.
 ____________________

 SUBMITTED DECEMBER 7, 2022 — DECIDED JANUARY 31, 2023
 ____________________

 Before FLAUM, KIRSCH, and JACKSON-AKIWUMI, Circuit
Judges.
 KIRSCH, Circuit Judge. After she was fired, Rebecca Wirth
sued her former employer, RLJ Dental, S.C., for retaliation un-
der the Fair Labor Standards Act (FLSA) and for violations of
Wisconsin’s Wage Payment and Collection Laws. She lost the
FLSA claim at trial and does not raise any issues pertaining to
that claim on appeal, so we say no more about it. The sole is-
sue for us to decide is whether RLJ violated Wisconsin law
2 No. 22-2122

when it failed to compensate her for lunch breaks when she
was admittedly not working. Because the answer is no, we af-
firm.
 I
 The following facts are undisputed. RLJ Dental, S.C., is a
dental service organization that has multiple oﬃces across
eastern Wisconsin. From May 2017 to February 2018, RLJ em-
ployed Rebecca Wirth as the oﬃce manager for its Neenah,
Wisconsin location. Wirth was paid on an hourly basis and
was required to clock in and out using the oﬃce’s electronic
timekeeping system. Wirth’s workday usually began at
7:30 am and concluded around 5 pm.
 RLJ closed its oﬃces every day from 1−2 pm and did not
schedule any patients during that time. Employees were ex-
pected to take an hourlong lunch break during which they
were not required to work and were free to leave the oﬃce.
RLJ’s employee handbook provided: “Employee[s] will clock
out for lunch time and will clock back in when lunch is ﬁn-
ished. Lunches are unpaid time[,] and you should not clock in
until their [sic] next scheduled patient.”
 Despite this policy, Wirth frequently clocked out for less
than 30 minutes. Over the nine months that she worked for
RLJ, she did this a total of 89 times. Wirth’s supervisor repeat-
edly instructed her that she needed to take full lunch breaks,
but Wirth ignored these instructions. On one occasion, Wirth
told her supervisor that she had done some research and that
RLJ could not force her to take the full break.
 After Wirth was terminated, she ﬁled suit in federal court.
Relevant to this appeal, Wirth argued that RLJ failed to com-
pensate her for numerous lunch breaks in violation of
No. 22-2122 3

Wisconsin’s Wage Payment and Collection Laws. Wisconsin
law requires employers to compensate employees for breaks
less than 30 minutes, but not for meal periods of 30 minutes
or more during which the employee is completely relieved
from duty. See Wis. Admin. Code, Dep’t of Workforce Dev.
§ 272.12. Although RLJ paid her for the entire time she was
clocked in during the lunch hour (despite her repeated viola-
tions of RLJ’s handbook and her supervisor’s admonitions),
Wirth argued that RLJ was also required to pay her for the
time she was clocked out and admittedly not working.
 The jury returned a verdict in favor of Wirth, ﬁnding that
RLJ was required to compensate her for the time she was
clocked out during the 89 shortened lunch breaks. Following
trial, the court concluded that it had made a prejudicial error
in instructing the jury and that under Wisconsin law, RLJ was
not required to compensate Wirth for the lunch periods as
long as it consistently provided her with a break of at least 30
minutes. The court granted RLJ’s motion for a new trial to de-
termine whether RLJ did so, and the parties stipulated to a
bench trial.
 The court found that RLJ allowed a regular lunch break
from 1−2 pm and that Wirth chose not to take the full break
even though her job duties did not prevent her from doing so.
The court also found that “Wirth was well aware of the law
and intentionally manipulated her lunch hour so as to in-
crease her earnings.” Wirth does not challenge these ﬁndings
on appeal. Instead, she challenges only the court’s conclusion
that RLJ was not required to compensate her for the time she
was clocked out during her lunch break.
4 No. 22-2122

 II
 The only issue on appeal is whether the district court’s in-
terpretation of Wisconsin law was correct. We review a dis-
trict court’s legal conclusions de novo. Ernst v. City of Chicago,
837 F.3d 788, 795–96 (7th Cir. 2016).
 Wirth argues that Wisconsin law imposes a bright-line
rule that if an employee elects to take any break of less than
30 minutes, then the entire break period oﬀered by the em-
ployer (here, an hourlong lunch break) must be compensated.
In other words, Wirth wants to be paid not just for the portion
of her lunch break during which she was clocked in, but also
for the time she was clocked out and admittedly not working.
 Our analysis begins and ends with the plain language of
the regulatory scheme, which distinguishes between compen-
sable rest periods and non-compensable meal periods. Lexing-
ton Ins. Co. v. Rugg & Knopp, Inc., 165 F.3d 1087, 1091 (7th Cir.
1999) (citing State ex. rel. Jacobus v. State, 559 N.W.2d 900, 903
(Wis. 1997)). The Wisconsin Department of Workforce Devel-
opment provides that employees “must be paid for all time
spent in physical or mental exertion (whether burdensome or
not) controlled or required by the employer and pursued nec-
essarily and primarily for the beneﬁt of the employer’s busi-
ness.” Wis. Admin. Code, Dep’t of Workforce Dev.
§ 272.12(1)(a)(1). Employees must also be paid for “rest peri-
ods of short duration[,]” which are deﬁned as breaks of less
than 30 minutes. Id. at § 272.12(2)(c)(1). Wisconsin law distin-
guishes rest periods from meal periods. Meal periods of 30
minutes or more during which employees are completely re-
lieved from duty for the purposes of eating regular meals are
not compensable. Id. at § 272.12(2)(c)(2).
No. 22-2122 5

 Wirth attempted to transform her non-compensable meal
period into a compensable rest period by clocking back in af-
ter less than 30 minutes, despite what her employer provided
and her employer’s repeated instruction to take her full break.
Wirth wants us to focus on her conduct—the fact that she
elected to take a lunch break of less than 30 minutes. But this
focus is misplaced. The Wisconsin regulatory scheme focuses
on what the employer provided, not what the employee
elected. Because RLJ provided 30 minutes or more during
which Wirth was completely relieved from duty for the pur-
poses of eating lunch, RLJ was not obligated under the law to
pay her for the time she was oﬀ the clock.
 AFFIRMED